1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN OLIVERI,

11            Plaintiff,                     No. 2:11-1634 CKD

12       vs.

13   MICHAEL J. ASTRUE,                      ORDER
     Commissioner of Social Security,
14
              Defendant.
15   _____/

16            Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17   Security ("Commissioner") denying his application for Disability Income Benefits ("DIB") under

18   Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will grant

19   plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary

20   judgment, and remand the case under sentence four of 42 U.S.C. § 405(g) for further

21   proceedings.

22   BACKGROUND

23            Plaintiff, born May 16, 1970, applied for disability income benefits, alleging

24   disability beginning April 1, 2004.  Administrative Transcript ("AT") 121-124.  Plaintiff alleged

25   he was unable to work due to post traumatic stress disorder ("PTSD"), injuries to the right leg

26   and foot, and bilateral carpal tunnel syndrome.  AT 115, 803.  Upon remand from the Appeals

1

Council, in a decision dated August 5, 2009, ALJ William C. Thompson, Jr., determined that plaintiff was not disabled.[1]  AT 826-836.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.  The claimant has not engaged in substantial gainful activity since April 1, 2004, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: continued difficulties following injuries sustained in any missile attack including an injury to his left leg and shrapnel wounds; obesity; depression; and posttraumatic stress disorder.

/////

/////

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a limited range of sedentary work as defined [in the regulations]. The claimant can lift 10 pounds both occasionally and frequently. He can stand and walk in combination for no more than two hours in a day and can sit for six hours in a day. He can only occasionally operate left foot controls. The claimant is mentally limited to simple instructions and relatively restricted contact with the public.

6.    The claimant is unable to perform any past relevant work.

7.    The claimant was born on May 16, 1970 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.    The claimant has at least a high-school education and is able to communicate in English.

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.    The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2004 through the date of this decision.

AT 828-836.

ISSUES PRESENTED

        Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ improperly assessed the severity of plaintiff's impairment due to carpal tunnel syndrome and the impact of that impairment on plaintiff's manipulative residual functional capacity; (2) the ALJ improperly disregarded record medical opinions; and (3) the ALJ

1  failed to give great weight to the Veterans Administration ("VA") 100 percent disability rating

2  and failed to articulate adequate reasons for not crediting that disability rating.  Plaintiff's third

3  contention is dispositive and requires remand of this action.[2]

4  LEGAL STANDARDS

5          The court reviews the Commissioner's decision to determine whether (1) it is

6  based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

7  the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

8  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v.

9  Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence

10  as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d

11  625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The

12  ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and

13  resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations

14  omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more

15  than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

16  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.

17  1986), and both the evidence that supports and the evidence that detracts from the ALJ's

18  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may

19  not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;

20

21          [2]  Because this matter will be remanded and a new decision will issue, the court will not
address in detail plaintiff's remaining contentions.  The court notes, however, that the ALJ's

22  conclusion that plaintiff's impairment due to carpal tunnel syndrome does not meet the
durational requirement is not supported by the record.  On remand, the residual functional

23  capacity should specifically address any manipulative limitations attributable to this impairment,
whether or not such impairment is characterized as severe at step two of the sequential analysis.

24  In addition, if the ALJ on remand rejects record medical opinions, the articulated reasons for
discounting any contradictory opinions must be specific and legitimate and supported by the

25  record.  The ALJ must consider the entirety of a record medical opinion and may not simply
adopt, without explanation, certain portions which support the ALJ's assessment of plaintiff's

26  residual functional capacity.  If the ALJ rejects certain record medical opinions as inconsistent,
the ALJ should identify the inconsistencies.

see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports

the administrative findings, or if there is conflicting evidence supporting a finding of either

disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

            Plaintiff contends the ALJ improperly disregarded the 100 percent disability rating

of the Veterans Administration, made on February 9, 1999.  In that decision, the VA re-evaluated

some of plaintiff's impairments and the ratings previously assigned to those impairments for

disability purposes and also determined whether additional alleged impairments should be

considered service connected.  As of  May 13, 1998, the VA considered plaintiff disabled based

on the following assigned percentages:

> 1. migraine headaches, 50%;
> 2. PTSD with major depression and insomnia with resultant
> fatigue, 50% (on evaluation, increased from 30% rated from 12/01/91);
> 3. tender scar, right medial thigh, 10%;
> 4. shrapnel wound right medial thigh with right knee disability,
> 30% (on evaluation, continued at same rate from 04/01/92);
> 5. residuals, fracture, left scapula with shrapnel wound scar,
> retained foreign body, 10%  (on evaluation, continued at same rate from
> 08/22/91);
> 6. shrapnel wound of left lateral foot with retained foreign body,
> 10% (on evaluation, continued at same rate from 08/22/91);
> 7. shrapnel wound of the right posterior lateral calf with retained
> foreign body, 10 % (on evaluation, continued at same rate from 8/22/91);
> 8. laceration scar, plantar aspect of right foot with retain [sic]
> foreign bodies, 10%.

AT 735-744.  In addition, plaintiff was previously rated as disabled, from August 22, 1991, based

on the following assigned percentages:[3]

> 1. chronic lumbosacral pain, 20 %;
> 2. tinnitus, s/p blast injury, 10 %;
> 3. chest injury with left pneumothorax, retained foreign
> bodies, 10%.

---

[3] These ratings were not re-evaluated in the February 9, 1999 review.

5

AT 642.  The combined percentages of all of plaintiff's ratings equal 220%.  In a letter dated June 30, 2005, the VA confirmed that plaintiff had an existing service-connected disability, specifically itemizing plaintiff's ratings attributable to depressive disorder, migraine, limitations of flexion, knee, lumbosacral or cervical strain, tinnitus, and traumatic chest wall defect, with combined percentages exceeding 100%.  AT 734.

The "ALJ must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  As the McCartey court noted, there is a "marked similarity" between the VA and Social Security disability programs.  Id. "Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability.  Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.  Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims.  Both are administered by the federal government, and they share a common incentive to weed out meritless claims.  The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.  Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id.

In a decision dated April 27, 2007, ALJ Thompson found plaintiff was not disabled.  AT 91.  Plaintiff sought review of that decision and the Appeals Council remanded the matter to the ALJ for further proceedings.  AT 24-26.  Among other reasons for remanding the matter, the Appeals Council specifically directed the ALJ to further evaluate the 100 percent disability rating determined by the Veterans Administration and to indicate what weight was accorded to that determination.  AT 25.

/////

6

1          On remand, the ALJ purportedly considered the Veterans Administration rating

2  determination but it does not appear that the rating decision was even contained in the

3  administrative record considered by the ALJ.  AT 9 (plaintiff's July 16, 2010 request for review

4  of ALJ's August 5, 2009 decision and attachments thereto made part of administrative record);

5  730-744 (plaintiff's July 16, 2010 memorandum and rating decision submitted as attachment

6  "A"); cf. 27-33 (plaintiff's request for review of ALJ's prior April 21, 2007 decision references

7  VA determination but attachment not included in administrative record); see also AT 830 (only

8  reference in ALJ's decision to VA determination cites one line from examining psychiatrist's

9  report); AT 264 (examining psychiatrist reported "[t]he claimant apparently has a well-

10  documented posttraumatic stress disorder and is 100 percent service connected from the military

11  for having been injured in the Persian Gulf War with a missile explosion").

12          Despite the direction of the Appeals Council to the ALJ to indicate what weight

13  was accorded the VA determination of disability, the ALJ failed to do so.  AT 830-831.  In

14  discussing the determination, the ALJ began by simply repeating the exact same three sentences

15  that he had set forth in the prior decision, which noted that the VA decision was not binding on

16  the ALJ.  AT  86; cf. AT 830-83.  The ALJ then added an additional four sentences to the

17  paragraph, rejecting the VA's rating decision on the basis that there was no evidence of

18  psychiatric hospitalizations or emergency room treatment for mental illness since the alleged

19  onset date of April 1, 2004 and that there was no evidence that plaintiff has been prescribed

20  strong, narcotic pain relievers.  The articulated reasons for according no weight to the VA ratings

21  are not persuasive, specific or valid.  See McCartey v. Massanari, 298 F.3d at 1076.

22          Assuming arguendo that the ALJ's comments on psychiatric hospitalizations[4] was

23

24          [4]  There is no requirement that plaintiff be hospitalized or seek emergency room treatment
    in order to have functional limitations attributable to PTSD, particularly here where the 50%
25  rating for PTSD was increased from 30% to 50% and was based, in part, on associated fatigue.
    The lack of extreme psychiatric treatment is not a valid reason for discounting the VA's PTSD
26  rating.

1   directed to the VA's 50% disability rating attributable to PTSD, there remain eleven other ratings

2   not discussed by the ALJ, which in combination exceed 100%.  For instance, plaintiff had a 50%

3   rating due to migraine headaches.  At the hearing, plaintiff testified about the continued

4   debilitating effect of his migraine headaches.  AT 806-807.  There is no discussion anywhere in

5   the ALJ's decision of plaintiff's tinnitus or pneumothorax, both of which were rated by the VA at

6   10%.  Plaintiff also testified that he did not take psychotropic medications as recommended by

7   his psychiatrist because he had previously tried to commit suicide while so medicated.  AT 818.

8   He also testified that he had previously taken opiates for his pain but that he tried to reduce their

9   usage.  AT 817-818.  Even if the ALJ had properly discredited plaintiff's explanations as to why

10   he did not take psychotropic medications or narcotic pain relievers,[5] the ALJ's failure to set forth

11   sufficient reasons for discounting the other bases for the VA's disability determination requires

12   remand of this action.  See Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010).

13   CONCLUSION

14          For the foregoing reasons, this matter will be remanded[6] under sentence four of 42

15   U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's motion for summary judgment or remand (Dkt. No. 20) is granted.

18   \\\\\

19

20          [5]  The ALJ incorrectly stated that the plaintiff had not been prescribed any pain
     medication in the last five years.  AT 833.  Plaintiff testified that he took Piroxicam for pain and
     muscle relaxers two or three times a day.  AT 810.

21

22          [6]  Internal policy of the Social Security Administration provides that on remand from the
     Appeals Council, including remands generated by the court, the proceedings are held before the
     previously assigned ALJ, unless the case previously was assigned to that ALJ on a prior remand

23   and the ALJ's decision after remand is the subject of the new remand or the Appeals Council or
     court expressly directs the case be assigned to a different ALJ.  HALLEX I-2-155(D)(11).  The

24   court recognizes that this provision is a purely internal procedural guidance and is not binding.
     See Moore v. Apfel, 216 F.3d 864 (9th Cir. 2000).  However, as this matter was previously

25   remanded by the Appeals Council and ALJ Thompson has now presided over two hearings on
     this disability application, the court deems it appropriate to have another ALJ assigned to this

26   matter.

1          2.  The Commissioner's cross-motion for summary judgment (Dkt. No. 23) is

2     denied.

3          3.  This matter is remanded for further proceedings consistent with this order.  On

4     remand, another ALJ shall be assigned.

5          4.  The Clerk of Court enter judgment in favor of plaintiff.

6     Dated: October 30, 2012

7

8     _____
      CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

9

10    4

      oliveri1643.ss.rem

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9