1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN OLIVERI,                             No.  2:11-cv-1634 CKD

12                  Plaintiff,

13        v.                                    ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15

16                  Defendant.

17

18          Counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the

19   amount of $13,270.25 after an offset for fees previously awarded under EAJA.

20          42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

21          Whenever a court renders a judgment favorable to a claimant under
            this subchapter who was represented before the court by an
22          attorney, the court may determine and allow as part of its judgment
            a reasonable fee for such representation, not in excess of 25 percent
23          of the total of the past-due benefits to which the claimant is entitled
            by reason of such judgment.
24

25   Rather than being paid by the government, fees under the Social Security Act are awarded out of

26   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

27   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

28   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

                                                   1

1   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

2   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

3   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

4   agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

5   show that the fee sought is reasonable for the services rendered."  Id. at 807.

6          Counsel has not set forth the number of hours spent on this matter.  In the absence of such

7   information, the court cannot make the reasonableness determination required under Gisbrecht.

8          Accordingly, IT IS HEREBY ORDERED that no later than July 24, 2015, plaintiff's

9   counsel shall submit a supplemental declaration setting forth the number of hours expended on

10  this matter and characterize the tasks performed for said hours.

11  Dated:  July 13, 2015

12                                         _____
                                           CAROLYN K. DELANEY
13                                         UNITED STATES MAGISTRATE JUDGE

14

15  4 oliveri1634.ss.fb

16

17

18

19

20

21

22

23

24

25

26

27

28

2